## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **RODNEY CARELOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL NO.** |
| **v.** | ) | **(formerly State File No.** |
| | ) | **18-CVD-2049 Gaston County)** |
| **CHRISTOPHER BECK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Defendant, by and through the undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and

1442(a)(1), herewith removes to the United States District Court for the Western District of

North Carolina that action styled as *Rodney Carelock v. Christopher Beck* in the District Court

for Gaston County, North Carolina, File No. 18-CVD-2049. In support of this removal, the

Defendant shows this Court the following:

1. The above-entitled action was commenced in the District Court for Gaston County,

North Carolina on or about May 23, 2018, by a Complaint for No-Contact Order filed on that date

and by issuance of a temporary restraining order, obtained *ex parte* by Plaintiff, at that time. A

copy of the complaint is attached as **Exhibit A** and a copy of the summons is attached as **Exhibit**

**B**. A copy of the Temporary No-Contact Order for Stalking or Nonconsensual Sexual Contact

received by the Defendant in such action is attached as **Exhibit C**.

2. The grounds justifying federal court jurisdiction of the removed action arise from

28 U.S.C. §§ 1441 and 1442(a)(1).   Defendant Christopher Beck is, and was at all times relevant

to the allegations of the Complaint, an employee of the United States Postal Service ("USPS") and

assigned to the Vehicle Maintenance Facility ("VMF") at 2901 Scott Futrell Drive, Charlotte,

North Carolina.   Christopher Beck was previously a temporary supervisor of a tour/shift at the

Plaintiff's place of employment until May 26, 2017. Mr. Beck has been out of work on medical leave since March 23, 2018. Christopher Beck was at all times relevant to the allegations of the Complaint acting within the course and scope of his federal employment. In a setting such as the VMF, a temporary supervisor monitors subordinates and speaks with them in connection with fulfilling his duties as a temporary supervisor. Furthermore, the real Defendant party in interest is the United States. While on medical leave, Christopher Beck visited Advance Auto Parts on April 15, 2018 to make a purchase. It was unknown to Mr. Beck that Mr. Carelock was working at that store, and Mr. Carelock assisted Mr. Beck with his purchase. The state court order purports to direct, in part, employment practices at the USPS and, as a case therefore involving federal employment law, constitutes a "civil action brought in a State court of which the district courts of the United States have original jurisdiction."

3.      The order of the state court appears to prohibit[1] a United States Postal Service employee from "contact[ing] the plaintiff by telephone, written communication, or electronic means" and from "enter[ing] or remain[ing] present at the plaintiff's … place of employment … at times when the plaintiff is present."  In that respect, inasmuch as the Plaintiff's place of employment is also the Defendant's federal place of employment, the order gives the appearance of violating the principle of federal supremacy, at least to the extent the state court order appears to direct, in part, an employee of the United States Postal Service and to prevent, on an *ex parte* basis, fulfillment by Defendant of his employment duties as an employee of the United States Postal Service.

---

[1] No term of the state court's order was entered in item 8 of the form order, so, for that reason, there may no actual efficacy to the *ex parte* order.

4.    A copy of this notice will be filed in case file number No. 18-CVD-2049 in the District Court for Gaston County, North Carolina.

**WHEREFORE**, this action previously pending in the District Court for Gaston County, North Carolina is properly removed therefrom to the United States District Court for the Western District of North Carolina pursuant to Title 28, United States Code, Sections 1441 and 1442(a)(1).

This the 20th day of June, 2018.

**R. ANDREW MURRAY**
United States Attorney


**s/ James M. Sullivan**
Assistant United States Attorney
N.C. Bar No. 17811
Carillon Building, Suite 1650
227 West Trade Street
Charlotte, NC 28202
Tel: 704-344-6222
Fax: 704-344-6629
E-Mail: James. Sullivan2@usdoj.gov

3

## CERTIFICATE OF SERVICE

I CERTIFY that on the 20th day of June, 2018, the foregoing Notice of Removal was served on the Plaintiff, by mailing a copy thereof, first class mail, postage prepaid, and properly addressed to Plaintiff's counsel as follows:

Humphrey S. Cummings
The Cummings Law Firm, P.A.
1230 West Morehead Street, Suite 404
Charlotte, NC    28208
*Counsel for Plaintiff*

**s/ James M. Sullivan**
Assistant United States Attorney

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **RODNEY CARELOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL NO.** |
| **v.** | ) | **(formerly State File No.** |
| | ) | **18-CVD-2049 Gaston County)** |
| **CHRISTOPHER BECK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## EXHIBIT LIST FOR NOTICE OF REMOVAL

| **Exhibit Letter** | **Description** |
|---|---|
| A | Copy of Complaint |
| B | Copy of Summons |
| C | Copy of No-Contact Order |

5